UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA



LARRY D. BELTON                                               CIVIL ACTION

VERSUS

WARDEN DENNIS GRIMES, ET AL.                          NO. 09-0050-JJB-CN

O R D E R

The pro se plaintiff, an inmate previously confined at the East Baton Rouge Parish Prison ("EBRPP"), Baton Rouge, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against Warden Dennis Grimes, Dr. Bridges, Barbara Grunitz, Linda Ottesen (all of EBRPP), and Warden Booker and an unidentified Nurse at the Catahoula Correctional Center, complaining that the defendants have violated his constitutional rights through deliberate indifference to his serious medical needs.

On February 5, 2009, the Court entered two (2) Orders, rec.doc.nos. 3 and 4, granting the plaintiff's motion to proceed in forma pauperis and directing the United States Marshal's Office to effect service of process upon the named defendants. A review of the record now reflects, however, that the service copies of the referenced Orders, forwarded to the plaintiff at his record address, have been returned to the Court as "not deliverable" and as "unable to forward" because the plaintiff is "no longer at parish prison". It appears to the Court, therefore, that the plaintiff has lost interest in the prosecution of this case since his transfer or discharge from EBRPP.

Under Uniform Local Rule 41.3M, the failure of a pro se litigant to keep the Court apprised of an address change may constitute cause for dismissal for failure to prosecute when a notice has been returned to a

party or the Court for the reason of an incorrect address, and no correction has been made to the address for a period of thirty (30) days. In this instance, the imposition of sanctions against the plaintiff is appropriate, and a sanction less severe than dismissal is neither feasible nor warranted. If the Court were to impose a less severe sanction, there would be no means by which to give the plaintiff notice of the sanction. A sanction which is unknown to the sanctioned party, and for that reason cannot be enforced, is no sanction at all. Accordingly, the plaintiff's claims shall be dismissed for failure to prosecute.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, this 15th day of April, 2009.

JAMES J. BRADY
**UNITED STATES DISTRICT JUDGE**